**EXHIBIT 6**

```
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
 2

 3      - - - - - - - - - - -    X

 4   UNITED STATES OF AMERICA,    :    07 CR 069

 5                                :

 6
            -against-             :
 7                                     United States Courthouse
                                       Brooklyn, New York
 8   ZVI ROSENTHAL, et al.,       :

 9                                     February 8, 2007
            Defendants.           :    11:00 o'clock a.m.
10
        - - - - - - - - - - -    X
11

12
                      TRANSCRIPT OF PLEADING
13               BEFORE THE HONORABLE JOHN GLEESON
                    UNITED STATES DISTRICT JUDGE
14

15
     APPEARANCES:
16

17
     For the Government:          ROSLYNN R. MAUSKOPF
18                                United States Attorney
                                  BY: PAUL WEINSTEIN
19                                    SEAN CASEY
                                  Assistant United States Attorneys
20                                One Pierrepont Plaza
                                  Brooklyn, New York
21

22   For the Defendants:          PETER J. DRISCOLL, ESQ.
                                  Attorney for Zvi Rosenthal
23

24                                PAUL SCHECHTMAN, ESQ.
                                  GLEN KOPP, ESQ.
25                                Attorneys for Amir Rosenthal


                 GR      OCR     CM     CRR     CSR
```

```
1                              GERALD LEFCOURT, ESQ.
                               RENATO STABILE, ESQ.
2                              Attorneys for David Heyman

3
                               NINA M. BEATTIE, ESQ.
4                              RACHEL DOFT, ESQ.
                               Attorneys for Ayal Rosenthal
5

6   Court Reporter:            Gene Rudolph
                               225 Cadman Plaza East
7                              Brooklyn, New York
                               (718) 613-2538
8

9   Proceedings recorded by mechanical stenography, transcript
    produced by computer-aided transcription.
10

11

12

13           THE CLERK:  United States versus Rosenthal, et al.

14           Counsel, please state your appearances.

15           MR. CASEY:  Sean Casey and Paul Weinstein for the

16   United States.

17           Good morning, Your Honor.

18           MR. DRISCOLL:  Peter Driscoll for Zvi Rosenthal.

19           Good morning.

20           THE COURT:  Good morning.

21           MR. SCHECHTMAN:  Paul Schechtman.  With me is Glen

22   Kopp, for Amir Rosenthal.

23           THE COURT:  Nice to see you.

24           MR. LEFCOURT:  Gerald Lefcourt.  With me is Renato

25   Stabile for David Heyman.
```

1           THE COURT: Has anybody promised you what your
2    sentence will be?
3           THE DEFENDANT: No, sir.
4           THE COURT: Tell me, briefly, why you are guilty.
5           MR. SCHECHTMAN: Judge, if it is acceptable to the
6    Court, we have written out a statement that I believe does it
7    clearly.
8           THE COURT: Sure.
9           THE DEFENDANT: Judge Gleeson, the short of it is
10   that I traded in Taro securities on material, non-public
11   information that I received from my father, who was an
12   employee at Taro. I know my father was breaching his
13   fiduciary duty to Taro in giving me the information; that he
14   intended for me to profit on the information; and that I was
15   acting in violation of the securities law when I executed
16   options trades and profited on that information. Thus, for
17   example, in May 2001, I traded on inside information about the
18   FDA approval of Taro's CB Cream application. The approval was
19   not yet publicly announced when my father told me about it and
20   I traded. And in July 2004, I traded on inside information
21   about Taro's sales shortfall in the second quarter. The
22   shortfall was not yet publicly announced when my father told
23   me about it, and I traded. I also tipped others, including
24   David Heyman, about what I improperly knew, and he, in turn,
25   provided me with non-public information that he had learned

1   from his job at Ernst and Young.
2           I know what I did was wrong and deeply regret my
3   actions.
4           THE COURT:  All right.  Anything further?
5           MR. CASEY:  Nothing further.
6           THE COURT:  What is the identity of this large
7   New York law firm in the paragraph four?
8           THE DEFENDANT:  Thacher Proffit and Wood.
9           THE COURT:  Okay.  I find that Mr. Amir Rosenthal is
10  acting knowingly and voluntarily, he understands the rights he
11  is waiving by pleading guilty, the consequences he faces if he
12  pleads guilty.  I find there is a factual basis for his plea
13  so I accept the plea.
14          What's our date for sentence?
15          THE CLERK:  May 18th, at 2:00 pm.
16          THE COURT:  Okay.  Is that date and time sufficient
17  for each side?  For both sides?
18          MR. CASEY:  Yes, Your Honor.
19          MR. SCHECHTMAN:  Yes, Your Honor.
20          Judge, can we return briefly to bail?
21          THE COURT:  It looks from what is before me that
22  there is an agreed upon release on personal PRB.
23          MR. SCHECHTMAN:  The --
24          MR. CASEY:  We have the bond out here, Your Honor.
25  The bond is down here.

                    GR     OCR     CM     CRR     CSR

1           THE DEFENDANT:  I was Vice President of Materials
2   Management and Logistics for Taro Pharmaceuticals.  Between
3   2001 and 2005, I disclosed material, non-public information
4   concerning Taro to Amir Rosenthal, my son, knowing that with
5   this information he may trade in Taro securities.
6           THE COURT:  Okay.  Is there anything further?
7           MR. DRISCOLL:  Your Honor, we also acknowledge Overt
8   Act A.  I believe Mr. Weinstein is correct, that we should do
9   that in terms of the conspiracy.  We confirm that particular
10  act.
11          THE DEFENDANT:  Yes, that's 2004.
12          THE COURT:  Okay.  You provided your son Amir with
13  material, non-public information about the sales results of
14  Taro in the second quarter of 2004, is that correct?
15          THE DEFENDANT:  Yes, sir.
16          THE COURT:  Okay.
17          MR. DRISCOLL:  Thank you.
18          THE COURT:  Anything further?
19          MR. DRISCOLL:  No.
20          MR. WEINSTEIN:  No, Your Honor.
21          THE COURT:  I find that Mr. Rosenthal is acting
22  knowingly and voluntarily.  He understands his rights and he
23  understands the consequences that could flow from pleading
24  guilty.  I find there is a factual basis for his plea of
25  guilty.  So I accept the plea.

                GR     OCR     CM     CRR     CSR

23  that haven't been brought to my attention, oral or written,
24  that have been made to you to induce you to plead guilty?
25             THE DEFENDANT:  No, Your Honor.

                GR    OCR    CM    CRR    CSR

                    David Heyman pleading                    61

1              THE COURT:  Has anybody promised you what your
2   sentence will be?
3              THE DEFENDANT:  No, Your Honor.
4              THE COURT:  Tell me briefly why you are guilty.
5              THE DEFENDANT:  Is it okay if I read from the
6   statement?
7              THE COURT:  Sure, it is.
8              THE DEFENDANT:  I knowingly traded on material,
9   non-public information concerning Taro securities that was
10  provided to me by Amir Rosenthal.  I knew that Amir Rosenthal
11  obtained the information from his father, Zvi Rosenthal, an
12  employee of Taro, in breach of Zvi Rosenthal's fiduciary
13  duties to Taro; that he intended for me to profit --
14             THE COURT:  Slow down, please.
15             THE DEFENDANT:  That he intended for me to profit
16  from the information; and that I was acting in violation of
17  the securities laws in executing trades and profiting based on
18  that information.  Between July 6, 2004 and July 14, 2004, I
19  executed securities transactions involving options contracts
20  based on Taro's non-public weak earnings results, which were
21  designed to profit from the imminent decline of Taro stock
22  prices.  I also provided material, non-public information to
23  Amir Rosenthal in breach of my fiduciary duties as an employee
24  of Ernst and Young and a licensed CPA regarding a contemplated

25  merger between two publicly trade companies. My conduct

GR  OCR  CM  CRR  CSR

David Heyman pleading  62

1  occurred in 2004 and 2005.
2    I am deeply sorry for my conduct.
3    THE COURT: In your view, is that a sufficient
4  factual basis for the plea?
5    MR. CASEY: Yes. The government is satisfied with
6  that.
7    THE COURT: Okay. I find Mr. Heyman is acting
8  knowingly and voluntarily and intelligently, he understands
9  the rights he is waiving and the consequences he faces. I
10  find there is a factual basis for his plea to this 371 count,
11  the only count against him. I accept the plea.
12    What's our date for sentence?
13    THE CLERK: May 18th, at 2:00 pm.
14    THE COURT: I have before me, I presume, by
15  agreement, a release order. It looks like an unsecured PRB
16  with a travel restriction to the United States, surrender of
17  any passports, and reporting to Pretrial as directed.
18    Is that correct?
19    MR. CASEY: We agree it would be secured by a
20  $250,000 -- that it was secured by the defendant's security on
21  $250,000 bond.
22    THE COURT: It's a $250,000 bond.
23    MR. CASEY: Yes. Unsecured bond in the amount of
24  $250,000.
25    THE COURT: Otherwise, I've got it right?

25          MS. BEATTIE:  No, Your Honor.

                GR    OCR    CM    CRR    CSR

1           THE COURT:  How do you plead to this charge, sir,
2  guilty or not guilty?
3           THE DEFENDANT:  Guilty.
4           THE COURT:  Is anybody pressuring you to get you to
5  plead guilty?
6           THE DEFENDANT:  No, Your Honor.
7           THE COURT:  Are you making this plea voluntarily and
8  of your own free will after consulting with your lawyer about
9  your options.
10          THE DEFENDANT:  Yes, Your Honor.
11          THE COURT:  Apart from the promises made to you in
12 writing in this agreement, and these other understandings that
13 have been expressed here today, are there any promises or
14 representations that I don't know about that have been made to
15 you to get you to plead guilty?
16          THE DEFENDANT:  No, Your Honor.
17          THE COURT:  Has anybody promised you what your
18 sentence will be?
19          THE DEFENDANT:  No, Your Honor.
20          THE COURT:  Tell me briefly why you are guilty.
21          THE DEFENDANT:  Your Honor, do you mind if I read?
22          THE COURT:  I don't.
23          THE DEFENDANT:  Your Honor --
24          THE COURT:  Just read slowly.
25          THE DEFENDANT:  Your Honor, in or about May 2005, in

1   a discussion about my work, I agreed to tell my brother Amir
2   Rosenthal the names of two companies that were involved in a
3   confidential acquisition that I was working on. I knew that
4   my brother Amir was an active trader of securities. I
5   consciously turned a blind eye to what would have otherwise
6   been obvious to me; that my brother was going to trade, in
7   violation of United States securities laws on information that
8   I provided to him.
9          I accept responsibility for my actions and am very
10  sorry for what I did.
11         THE COURT: Okay. Is that sufficient in the
12  government's view?
13         MR. WEINSTEIN: Yes, Your Honor.
14         THE COURT: Can you join a conspiracy, can you
15  consciously avoid --
16         MS. BEATTIE: You can, Your Honor. There is a
17  Second Circuit case on point. If you --
18         THE COURT: Sboboda?
19         MS. BEATTIE: Yes, Your Honor.
20         THE COURT: This is a great book.
21         MS. BEATTIE: That was quick. I am impressed.
22         THE COURT: I find that the defendant is acting
23  knowingly and voluntarily, he understands the rights he's
24  waiving and the consequences he faces. I find thee is a
25  factual basis for his plea of guilty. So I accept the plea.