UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SECURITIES AND EXCHANGE          :
COMMISSION,
                                 :   **AMENDED**
                                     **MEMORANDUM DECISION**
             Plaintiff,          :
                                     07 Civ. 919 (FM)
      -against-                  :

ARAGON CAPITAL MANAGEMENT,       :
LLC, et al.,
                                 :
             Defendants.
------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/10
```

**FRANK MAAS,** United States Magistrate Judge.

       I have reviewed the proposed judgment submitted by the plaintiff Securities and Exchange Commission. Oren Rosenthal and the relief defendants object to that judgment on two grounds. First, they contend that the use of the IRS underpayment rate as the prejudgment interest rate is unfair. Second, they argue that they did not have use of any proceeds of insider trading until Aragon made distributions to them, and that interest therefore should not be assessed prior to May 2006. (See letter to the Court from Robert Knuts, Esq., dated Dec. 17, 2009, at 1-2).

       "The decision whether to grant prejudgment interest, and the rate used if such interest is granted, are matters confided to the district court's broad discretion." SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1476 (2d Cir. 1996). In this case, although I recognize that Oren and the relief defendants are situated somewhat differently than Amir and Ayal, I decline to apply a different prejudgment interest rate to them. Indeed, as the Commission correctly observes, the argument that these defendants now advance regarding the proper rate could have been raised in their papers in opposition to the motion for partial summary judgment but was not. (See letter to the Court from Nancy A. Brown, Esq., dated Dec. 18, 2009, at 1-2). It is too late to raise that argument now.

       That said, the papers submitted to me in connection with the Commission's partial summary judgment motion did not specify the rights that the Aragon limited partners had with respect to distributions. In particular, while the proceeds of Amir's insider trades deposited into the Aragon account were, in one sense, obviously being held

for the benefit of Oren and the relief defendants, the Commission has not shown that they could have withdrawn them. Principally for this reason, I will accede to the request that prejudgment interest with respect to these defendants be assessed only from the date in May 2006 that Amir caused Aragon to distribute funds to them. The Commission should submit to me by February 4, 2010, a corrected proposed judgment incorporating this change.

In its letter enclosing the proposed judgment, the Commission also seeks leave to "move to amend the Complaint to conform the claims to the evidence . . . obtained in discovery." (See letter to the Court from Ms. Brown, dated Dec. 4, 2009, at 1). That request is granted, and the Commission is directed to serve and file its motion by February 16, 2010. Opposition papers shall be served and filed by March 12, 2010, and any reply papers shall be served and filed by March 19, 2010.

Turning to discovery issues, I find that it was reasonable for the Commission to resume asset discovery once any of the defendants ceased providing the required certifications that they were not expatriating assets. In any event, now that partial summary judgment has been granted, the Commission may pursue whatever asset-related discovery it deems appropriate. Any other discovery shall be stayed until the Court rules on any motion(s) to dismiss the amended complaint.

Finally, I note that Amir Rosenthal has once again raised the subject of settlement. (See letter to the Court from Amir Rosenthal, dated Dec. 16, 2009, at 1-2 & n.2). I would encourage counsel and the pro se defendants to pursue that subject so that assets which might otherwise be devoted to litigation can be applied to the satisfaction of the Commission's claims in this case. I trust that the parties will let me know if the Court can be of assistance in that regard.

SO ORDERED.

Dated:   New York, New York
         January 29, 2010

                                                       _____
                                                       FRANK MAAS
                                                       United States Magistrate Judge

Copies to:

Nancy A. Brown, Esq.
Senior Trial Counsel
Securities and Exchange Commission
Fax: (212) 336-1322

Robert Knuts, Esq
Park & Jensen LLP
Fax: (646) 200-6331

Amir Rosenthal
201 East 17th Street, Apt. 12C
New York, New York 10003

Ayal Rosenthal
P.O. Box 16268
Tel Aviv-Yafo 61162
Israel

Zvi Rosenthal
No. 54076-053
FCI Otisville
P.O. Box 1000
Otisville, New York 10963