UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                  Plaintiff,

    -against-                              07 Civ. 919 (FM)

ARAGON CAPITAL MANAGEMENT, LLC, et al.,

                  Defendants.
------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/10

## [PROPOSED] JUDGMENT AGAINST DEFENDANTS ZVI ROSENTHAL, AMIR ROSENTHAL, OREN ROSENTHAL AND AYAL ROSENTHAL, AND RELIEF DEFENDANTS RIVKA ROSENTHAL AND EFRAT ROSENTHAL

On the Motion of Plaintiff Securities and Exchange Commission for Partial Summary Judgment against Defendants Zvi Rosenthal, Amir Rosenthal, Oren Rosenthal and Ayal Rosenthal (collectively "Defendants"), and Relief Defendants Rivka Rosenthal and Efrat Rosenthal (collectively "Relief Defendants"), the Court having reviewed Plaintiff's submissions in support and Defendants' and the Relief Defendants' submissions in opposition and having issued a Memorandum Decision and Order entered November 24, 2009 ("November Order"), granting in part and denying in part Plaintiff's Motion, and Memorandum Decision entered January 22, 2010 ("January Order," or, together with the November Order, "Orders"), for good cause shown and for the reasons set forth in the Orders:

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants Amir Rosenthal and Zvi Rosenthal, and their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Amir Rosenthal and Zvi Rosenthal and each of their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]

in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Zvi Rosenthal is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Zvi Rosenthal is liable for total disgorgement of $1,447,693.95 comprised of

 (a) $238,698.76, representing profits gained and losses avoided as a result of the conduct alleged in the Complaint relating to trading by Defendant Zvi Rosenthal in his own account in advance of the July 2004 earnings announcement by Taro Pharmaceutical Industries, Ltd. ("Taro");

(b)   $962,905.58, for which he is liable jointly and severally with Defendant Amir Rosenthal, and up to 20% each with each of Defendants Ayal Rosenthal and Oren Rosenthal and each of the Relief Defendants, representing profits gained as a result of the conduct alleged in the Complaint relating to trading by Defendant Amir Rosenthal in the Aragon Partners L.P. account in advance of the July 2004 Taro earnings announcement;

(c)   $214,946.34, for which he is liable jointly and severally with Defendant Amir Rosenthal, representing profits gained as a result of the conduct alleged in the Complaint relating to trading in Defendant Noga Delshad's account in advance of the July 2004 Taro earnings announcement; and

(d)   $31,143.27, for which he is liable jointly and severally with Defendant Amir Rosenthal, representing profits gained as a result of the conduct alleged in the Complaint relating to trading in Defendant Zvi Rosenthal's account in advance of the July 2004 Taro earnings announcement;

together with total prejudgment interest thereon in the amount of $560,457.32, comprised of

(A)   $95,748.96 relating to the disgorgement amounts attributable to profits gained and losses avoided as a result of the conduct alleged in the Complaint relating to trading by Defendant Zvi Rosenthal in his own account in advance of the July 2004 Taro earnings announcement;

(B)   $366,283.72, for which he is liable jointly and severally with Defendant Amir Rosenthal, and up to $49,748.60 each with each of Defendants Ayal Rosenthal and Oren Rosenthal and each of the Relief Defendants, relating to the disgorgement amounts attributable to the profits gained as a result of the conduct alleged in the Complaint

relating to trading by Defendant Amir Rosenthal in the Aragon Partners L.P. account in advance of the July 2004 Taro earnings announcement;

(C)     $86,221.17, for which he is jointly and severally liable with Defendant Amir Rosenthal, relating to the disgorgement amounts attributable to the profits gained as a result of the conduct alleged in the Complaint relating to trading in Defendant Noga Delshad's account in advance of the July 2004 Taro earnings announcement; and

(D)     $12,203.47, for which he is jointly and severally liable with Defendant Amir Rosenthal, relating to the disgorgement amounts attributable to the profits gained as a result of the conduct alleged in the Complaint relating to trading in Defendant Zvi Rosenthal's account in advance of the July 2004 Taro earnings announcement;

and a civil penalty in the amount of $3,549,596.80, pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1(a)(2)] for a total of $5,557,748.07. Defendant Zvi Rosenthal shall satisfy this obligation by paying $5,557,748.07 within fourteen days after entry of this judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Zvi Rosenthal as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Defendant Zvi Rosenthal shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Amir Rosenthal is liable for total disgorgement of $1,327,793.06, comprised of

(a) $118,797.87, representing profits gained as a result of the conduct alleged in the Complaint relating to trading by Defendant Amir Rosenthal in his own account in advance of the announcement by Taro of FDA approval for CB Cream in May 2001;

(b) $962,905.58, for which he is jointly and severally liable with Defendant Zvi Rosenthal, and up to 20% each with each of Defendants Ayal Rosenthal and Oren Rosenthal and each of the Relief Defendants, representing profits gained as a result of the conduct alleged in the Complaint relating to trading by Defendant Amir Rosenthal in the Aragon Partners L.P. account in advance of the July 2004 Taro earnings announcement;

(c) $214,946.34, for which he is jointly and severally liable with Defendant Zvi Rosenthal, representing profits gained as a result of the conduct alleged in the Complaint relating to trading by Defendant Amir Rosenthal in Defendant Noga Delshad's account in advance of the July 2004 Taro earnings announcement; and

(d) $31,143.27, for which he is jointly and severally liable with Defendant Zvi Rosenthal, representing profits gained as a result of the conduct alleged in the Complaint relating to trading in Defendant Zvi Rosenthal's account in advance of the July 2004 Taro earnings announcement;

together with total prejudgment interest thereon in the amount of $542,643.93, comprised of

(A) $77,935.57 relating to the disgorgement amounts attributable to profits gained as a result of the conduct alleged in the Complaint relating to trading by Defendant Amir

Rosenthal in his own account in advance of the announcement by Taro of FDA approval for CB Cream in May 2001;

(B) $366,283.72, for which he is liable jointly and severally with Defendant Zvi Rosenthal, and up to $49,748.60 each with each of Defendants Ayal Rosenthal and Oren Rosenthal and each of the Relief Defendants, relating to the disgorgement amounts attributable to the profits gained as a result of the conduct alleged in the Complaint relating to trading by Defendant Amir Rosenthal in the Aragon Partners L.P. account in advance of the July 2004 Taro earnings announcement;

(C) $86,221.17, for which he is jointly and severally liable with Defendant Zvi Rosenthal, relating to the disgorgement amounts attributable to the profits gained as a result of the conduct alleged in the Complaint relating to trading in Defendant Noga Delshad's account in advance of the July 2004 Taro earnings announcement; and

(D) $12,203.47, for which he is jointly and severally liable with Defendant Zvi Rosenthal, relating to the disgorgement amounts attributable to the profits gained as a result of the conduct alleged in the Complaint relating to trading in Defendant Zvi Rosenthal's account in advance of the July 2004 Taro earnings announcement;

and a civil penalty in the amount of $3,072,199.28, pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1(a)(2)], and a civil penalty in the amount of $600,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)(B)]) for a total of $5,542,636.27. Defendant Amir Rosenthal shall satisfy this obligation by paying $5,542,636.27 within fourteen days after entry of this judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be

delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Amir Rosenthal as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment.  Defendant Amir Rosenthal shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Ayal Rosenthal is liable for disgorgement of $192,581.12, jointly and severally with Defendants Zvi Rosenthal and Amir Rosenthal, representing 20% of the profits gained as a result of the conduct alleged in the Complaint relating to trading by Defendant Amir Rosenthal in the Aragon Partners L.P. account in advance of the July 2004 Taro earnings announcement, and distributed to Defendant Ayal Rosenthal, together with prejudgment interest thereon in the amount of $49,748.60, jointly and severally with Defendants Zvi Rosenthal and Amir Rosenthal; and a civil penalty in the amount of $120,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)(B)]), for a total of $362,329.72.  Defendant Ayal Rosenthal shall satisfy this obligation by paying $362,329.72 within fourteen days after entry of this judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

identifying Ayal Rosenthal as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Defendant Ayal Rosenthal shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Oren Rosenthal is liable, jointly and severally with Defendants Zvi Rosenthal and Amir Rosenthal, for (a) disgorgement of $192,581.12, representing 20% of the profits gained as a result of the conduct alleged in the Complaint relating to trading by Defendant Amir Rosenthal in the Aragon Partners L.P. account in advance of the July 2004 Taro earnings announcement, and distributed to Defendant Oren Rosenthal, together with (b) prejudgment interest thereon in the amount of $49,748.60, for a total of $242,329.72. Defendant Oren Rosenthal shall satisfy this obligation by paying $242,329.72 within fourteen days after entry of this judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Oren Rosenthal as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Defendant Oren Rosenthal shall pay post-judgment interest on any delinquent amounts pursuant to 28

U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Relief Defendant Rivka Rosenthal is liable, jointly and severally with Defendants Zvi Rosenthal and Amir Rosenthal, for (a) disgorgement of $192,581.12, representing 20% of the profits gained as a result of the conduct alleged in the Complaint relating to trading by Defendant Amir Rosenthal in the Aragon Partners L.P. account in advance of the July 2004 Taro earnings announcement, and distributed to Relief Defendant Rivka Rosenthal, together with (b) prejudgment interest thereon in the amount of $49,748.60, for a total of $242,329.72. Relief Defendant Rivka Rosenthal shall satisfy this obligation by paying $242,329.72 within fourteen days after entry of this judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Rivka Rosenthal as a relief defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Relief Defendant Rivka Rosenthal shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Relief Defendant Efrat Rosenthal is liable, jointly and severally with Defendants Zvi Rosenthal and Amir Rosenthal, for (a) disgorgement of $192,581.12, representing 20% of the profits gained as a result of the conduct alleged in the Complaint relating to trading by Defendant Amir Rosenthal in the Aragon Partners L.P. account in advance of the July 2004 Taro earnings announcement, and distributed to Relief Defendant Efrat Rosenthal, together with (b) prejudgment interest thereon in the amount of $49,748.60, for a total of $242,329.72. Relief Defendant Efrat Rosenthal shall satisfy this obligation by paying $242,329.72 within fourteen days after entry of this judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Efrat Rosenthal as a relief defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Relief Defendant Efrat Rosenthal shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## X.

There being no just reason for delay, and for the reasons cited in the November Order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: January 29, 2010

_____
UNITED STATES MAGISTRATE JUDGE