UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                       :

SECURITIES AND EXCHANGE COMMISSION,   :

                                     :

                      **Plaintiff,**     :

                                     :

            -against-            :      **07 Civ. 919 (FM)**

                                     :

ARAGON CAPITAL MANAGEMENT, LLC, et al.   :

                                     :

                    **Defendants.**   :

-----------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION TO AMEND THE COMPLAINT

Nancy A. Brown
Simona K. Suh
Bohdan Ozaruk
SECURITIES AND EXCHANGE
COMMISSION
3 World Financial Center
New York, NY  10281
(212) 336-1023

Attorneys for Plaintiff

February 16, 2010

# TABLE OF CONTENTS

                                                                              **Page**

Table of Authorities ............................................................................................ ii

Preliminary Statement........................................................................................1

Background          ...................................................................................................2

    A.  The Commission's Pleadings ...................................................................2

    B.  The Court's Scheduling Order................................................................4

ARGUMENT          ..................................................................................................4

    A.  The October 2007 Scheduling Order Imposed No General
        Deadline for Amendments.................................................................4

    B.  The Court Should Grant the Commission Leave to Serve Its
        Amended Complaint...........................................................................5

        (1)  The Commission's Motion Is Not Made in Bad Faith ..................6

        (2)  The Commission's Amendment Will Not Prejudice Defendants
            and Is Not a Product of Undue Delay.............................................6

    C.  The Amendment to Correct Misnomer of Aragon Capital Advisors Is
        Appropriate.........................................................................................8

CONCLUSION      ...............................................................................................9

# TABLE OF AUTHORITIES

**Page**

<u>**Cases**</u>

<u>Block v. First Blood Assocs.</u>, 988 F.2d 344 (2d Cir. 1993) ...............................................6

<u>Datskow v. Teledyne, Inc., Continental Prods. Div.</u>, 899 F.2d 1298 (2d Cir. 1990)...........8

<u>Foman v. Davis</u>, 371 U.S. 178 (1982) ...............................................................................5

<u>JP Morgan Chase Bank, N.A. v. IDW Group, LLC</u>, No. 08 Civ. 9116 (PGG),
2009 WL 1357946 (S.D.N.Y. May 12, 2009) ............................................................ 6-7, 8

<u>Kassner v. 2d Avenue Delicatessen Inc.</u>, 496 F.3d 229 (2d Cir. 2007)..............................5

<u>New York State Elec. & Gas Corp. v. Secretary of Labor</u>, 88 F.3d 98 (2d Cir. 1996) .......5

<u>**Statutes and Rules**</u>

Fed. R. Civ. P. 15(a) .........................................................................................................5

Fed. R. Civ. P. 15(b) .........................................................................................................5

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this Memorandum of Law in Support of its Motion to Amend its Complaint against Defendants Aragon Partners LP ("Aragon Partners"), Aragon Capital Management LLC ("Aragon Capital"), Zvi Rosenthal ("Zvi"), Amir Rosenthal ("Amir"), Ayal Rosenthal ("Ayal"), Oren Rosenthal ("Oren") and Noga Delshad Rosenthal ("Noga") and Relief Defendants Efrat Rosenthal ("Efrat") and Rivka Rosenthal ("Rivka").

## PRELIMINARY STATEMENT

The Commission's proposed Amended Complaint does <u>not</u> seek to (1) add any parties or (2) add any new charges arising out of new transactions. Instead, it seeks to conform the existing Complaint to the facts the Commission learned only from Defendants in their depositions and to assert claims that better reflect those facts.

Specifically, the Commission's proposed Amended Complaint <u>does</u> seek to (1) drop charges of primary liability for securities fraud against Defendant Noga, naming her only as a Defendant with respect to the proposed fraudulent conveyance claims; (2) drop certain charges of primary liability against Defendants Oren and Ayal, replacing them with claims of aiding and abetting; (3) add claims against all of the Defendants and current Relief Defendants for fraudulent conveyance to ensure that the money illicitly earned by Amir's unlawful trading is disgorged regardless of where it ended up; and (4) correct the misnomer of Aragon Capital Management LLC to Aragon Capital Advisors LLC.

The Commission's proposed amendment would require no new discovery.

## BACKGROUND

A.    The Commission's Pleadings

The Commission's investigation into Defendants' insider trading began late in 2005. (Declaration of Nancy A. Brown, executed February 16, 2010 ("Brown Decl.") ¶ 2.)  After David Heyman, Noga and Rivka were interviewed by the FBI in late January 2006, the Commission served investigatory subpoenas on Zvi, Amir, Oren and Ayal for documents and testimony.  (Id.)  None of them testified or produced any documents;  each asserted his Fifth Amendment rights and declined to produce documents or answer any questions posed by the Commission staff.  (Id.)

Nonetheless, the documentary evidence the Commission obtained from other sources gave it sufficient basis to assert that Zvi, an officer at Taro Pharmaceutical Industries, Ltd. ("Taro"), had used his position to misappropriate information about Taro's upcoming and material announcements relating to earnings and FDA approval of its new drugs.  (Amended Complaint (DE 4) ¶ 1.)  The evidence indicated that Zvi had traded on the information for his own account and, in their weekly, sometimes daily telephone calls, or their frequent face to face meetings, tipped each of his sons, Amir, Oren and Ayal to the information so that they could trade on it.  (Id.)  The evidence further indicated that Amir had either tipped Noga or obtained Noga's authorization to trade in her account, and that he also tipped his childhood friend, David Heyman, his father-in-law, Bahram Delshad, and his boss, Young Kim, with the tips supplied by Zvi.[1]  (Id. ¶¶ 1, 3.)

---

[1]    As the Court is aware, Zvi, Amir, Ayal and David Heyman pled guilty to at least some of the instances of insider trading alleged in the Commission's Complaint.  Heyman, Delshad and Kim have all settled the Commission's charges by consenting to Judgments against them.

At the time the Commission filed its Amended Complaint[2], the Commission knew the

following facts as they relate to the trading in Oren and Ayal's Brown & Co. accounts and

Noga's Ameritrade account:

- Oren's name, address, Social Security number, email address and other identifying information appeared on his Brown & Co. account application.[3]  The application listed no other person as authorized to trade in his account. (Brown Decl. ¶ 3.)

- Ayal's name, address, Social Security number, email address and other identifying information appeared on his Brown & Co. account application.  The application listed no other person as authorized to trade in his account. (Id.)

- Noga's name, address, Social Security number, email address and other identifying information appeared on her account application.  The application listed no other person as authorized to trade in her account.  The check used to open the account was hers.  Noga's email address was used in communications from Ameritrade to her. (Id.)

- Noga told the FBI that she had executed the trading in her account. (Id. ¶¶ 3, 8 and Ex. B.)

Without any testimony from Oren, Ayal or Amir, the Commission reasonably concluded

that Oren and Ayal traded in their own accounts on tips from Amir, with information supplied by

Zvi, or on tips supplied directly by Zvi himself.  In Noga's case, the Commission pleaded in the

---

[2]      In its initial complaint, the Commission chose to assert that Amir had placed the trades in Noga's account largely on the basis of assertions by counsel for Amir and Noga that Noga had not traded in the account, contrary to the evidence the Commission had.  Because the Commission was unable to reach a settlement with the Rosenthals for the full amount of the unlawful trading, prior to Defendants' answer date, the Commission amended its Complaint to proceed in the alternative against Amir and Noga, until such time that the Commission could obtain sufficient facts in discovery to establish which – if not both of them – was responsible for the trading. (See Amended Complaint ¶ 13, alleging that "Noga either traded in Taro securities or agreed that Amir should do so.") (Brown Decl. ¶ 4.)

[3]      The proposed charges of aiding and abetting against Oren and Ayal relate only to the trading in their Brown & Co. accounts.  No Defendant has denied that Oren and Ayal each were solely responsible for the trading in their respective Ameritrade accounts, and the Commission's proposed Amended Complaint makes no changes to the primary charges against Oren and Ayal for the unlawful trading by them in the Ameritrade accounts.

alternative, alleging that she either made the trades herself – as she had told the FBI – or that she had authorized Amir to use her account to trade on tips from Zvi.

After Defendants' depositions, conducted throughout the Spring and Summer of 2008, the Commission sought permission to amend the Complaint on January 13, 2009, little more than a month after discovery closed under the Court's amended Scheduling Order. (Brown Decl. ¶ 5.) It did so, not on the basis of any new documentary information it obtained, but on the basis of the Defendants' consistent testimony that Amir had conducted all of the trading in Noga's account, and had conducted all of the trading in Oren's and Ayal's Brown & Co. accounts.

B.    The Court's Scheduling Order

The Court entered its Scheduling Order and Case Management Plan on October 3, 2007. (DE 75.) At that time, it had already granted Defendant Bahram Delshad's request to make a motion to dismiss. Accordingly, the only deadline envisioned (other than that granted to Defendants to amend their answers) was one to amend the complaint should it be necessary to cure defects, if any, Delshad raised; the Court directed the Commission to "file an amended complaint within two weeks following issuance of the Court's Order granting" Delshad's motion. (Id.) The Court has issued additional Scheduling Orders throughout the case, with the final discovery-related Order issued on July 31, 2008, setting December 5, 2008 as the final discovery cut-off. (DE 126.)

**Argument**

A.    The October 2007 Scheduling Order Imposed No General
      Deadline for Amendments

The Scheduling Order imposed a deadline on the Commission to amend its complaint only in the event that Delshad's motion to dismiss were successful, and did not impose some general bar to all amended pleadings meant to govern all the parties in the case.

4

Even if the Scheduling Order could be read to set a universal deadline for amendments, leave to amend should be granted here. Under Second Circuit authority, the Court may exercise its discretion to amend the Scheduling Order to permit the Commission to amend its complaint for "good cause" shown. <u>Kassner v. 2d Avenue Delicatessen Inc.</u>, 496 F.3d 229, 244 (2d Cir. 2007) (reversing denial of motion to amend). Along with the moving party's diligence, the Court should consider "whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." <u>Id.</u> As will be discussed below, the Commission has demonstrated both diligence and a lack of prejudice to Defendants.

B.    <u>The Court Should Grant the Commission Leave to Serve Its Amended Complaint</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that a motion to amend the complaint "shall be freely granted when justice so requires." As the Supreme Court instructed, this mandate must be liberally construed by the courts: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1982). That the plaintiff should be given that opportunity at any stage in the litigation – so long as no prejudice is suffered by defendants – is underscored by Fed. R. Civ. P. 15(b), which permits amendment to pleadings "During and After Trial." <u>See</u>, <u>e.g.</u>, <u>New York State Elec. & Gas Corp. v. Secretary of Labor</u>, 88 F.3d 98, 104-05 (2d Cir. 1996) (permitting amendment after trial where plaintiff changed its legal theory). In this case, with respect to Oren and Ayal, the Commission seeks to add no causes of action based on new transactions; it merely seeks to amend the pleading to assert the cause of action that is consistent with the facts it uncovered relating to who traded in their accounts and what knowing assistance they provided to those trades.

5

Thus, the Court should grant Plaintiff's motion in the absence of a showing by the Defendants of prejudice or bad faith. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Defendants can show neither.

### (1)    The Commission's Motion Is Not Made in Bad Faith

There can be no bad faith in seeking to amend a complaint to conform to the evidence learned in discovery, when the facts obtained in discovery were known only to the defendants and they chose to conceal them during the investigation. While Defendants have argued that their attorneys told the Commission that Amir did most of the trading, and traded in Noga's account, they do not acknowledge what Noga herself told the FBI or that Oren and Ayal refused to testify. Nor do they acknowledge that the Defendants' attorneys were less than reliable sources. For example, in a Wells submission filed on her behalf, Noga's counsel told the Commission that Noga was not even aware of Amir's trading in her account, a fact she testified was untrue when she did appear for her deposition. (Brown Decl., Ex. C (Excerpt from Noga Dep. Tr. at 205-06).)

### (2)    The Commission's Amendment Will Not Prejudice Defendants and Is Not a Product of Undue Delay

Defendants will suffer no prejudice from an amendment. In determining the prejudice to the Defendants from a proposed amendment, the Court should consider whether the new claims would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block, 988 F.2d at 350. Where the proposed amendment arises from the same set of operative facts as the original claims, no trial date has been set and no dispositive motions are pending, a motion to amend should be granted. JP Morgan Chase Bank, N.A. v. IDW Group, LLC, No. 08 Civ. 9116 (PGG) 2009 WL

1357946, at *4-5 (S.D.N.Y. May 12, 2009)(allowing motion to amend to add new party where discovery had revealed the party's claimed culpability even where some additional discovery might be necessary).

No new discovery is needed here.[4]  With respect to the aiding and abetting claims against Oren and Ayal, the Commission has taken those Defendants' depositions and obtained all relevant documents necessary to establish their substantial and knowing participation in Amir's trading.  Because the amendment seeks to add no new trades, nor explore any new defendant's culpability, neither Oren nor Ayal should need additional discovery to rebut those claims.

With respect to the Commission's proposal to drop the primary charges of insider trading against Noga, the Commission cannot conceive of the prejudice to her.  If anything, it is the Defendants' opposition to amendment that would prejudice Noga by forcing the Commission to take its claims against her to trial.

Nor do the Commission's proposed fraudulent conveyance claims raise the specter of further discovery.  The Commission seeks to add these claims in this proceeding to ensure that all of the proceeds from Amir's illegal trading are disgorged.   While Second Circuit authority already gives the Commission a basis to recoup proceeds distributed to any Defendant or Relief Defendant – as this Court has already determined (Memorandum Decision and Order, entered

---

[4]      The additional discovery requested by the Commission is limited to witnesses from Taro. While the Commission was willing to forgo taking those depositions in anticipation of a quick trial, the ensuing delay occasioned by Amir's and Zvi's incarceration and Defendants' failures to comply with discovery requests make preservation of that testimony now necessary. Each of those witnesses' depositions will be sought by the Commission irrespective of how its motion to amend is resolved.

November 24, 2009, at 32-42) (DE 163)) -- in an abundance of caution, the Commission seeks to plead in the alternative.[5]

Finally, as noted above, the Commission moved with due diligence to amend once it learned all of the facts surrounding Amir's trading in Oren's, Ayal's and Noga's accounts. The Commission's depositions of Amir and Zvi were not complete until August 2008. Plaintiff thereafter obtained Commission approval and moved as quickly as it could – a month after the close of discovery -- to amend.[6]  (Brown Decl. ¶ 5.)

C.    The Amendment to Correct Misnomer of Aragon Capital Advisors Is Appropriate

In its original Complaint, the Commission misnamed Aragon Partners LP's adviser and general partner as Aragon Capital Management, LLC.   The correct name of the adviser is Aragon Capital Advisors LLC, and the Commission now seeks to amend the Complaint to name the adviser by the right name.

Where the right party is sued, but mislabeled, amendment to correct the error should be allowed, particularly where there is no issue that the right party had notice of the claims against it. Datskow v. Teledyne, Inc., Continental Prods. Div., 899 F.2d 1298, 1302 (2d Cir. 1990). There is no issue of notice in this case. Here, Amir's counsel accepted service of the original complaint on behalf of Amir, Aragon Partners LP and Aragon Capital Management LLC.

---

[5]    Adding the fraudulent conveyance claims now also fosters judicial economy. JP Morgan Chase, 2009 WL 1357946, at *6 ("This Court has a substantial interest in adjudicating the entire dispute in one action.") (quotations omitted). While the Commission could await final judgment and assert its fraudulent conveyance claims in state court under New York State law, it determined to add them here for efficiency.

[6]    Commission staff are required to apply for and obtain Commission approval to amend complaints. See Securities and Exchange Commission, Division of Enforcement, Enforcement Manual,  January 13, 2010 at 2.5.1, available at http://www.sec.gov/divisions/enforce/enforcementmanual.pdf.  The process for obtaining that approval and its duration are outside the control of the Commission staff litigating the case.

(Brown Decl. ¶ 6.))   Amir testified that as Aragon Capital Advisors' only member, Amir is identical to Aragon Capital.  (Brown Decl, ¶ 10, Ex. D (Excerpt from Amir Dep. Tr. at 274-75).) Therefore, notice to Amir of the original complaint constituted notice to the correct entity, Aragon Capital Advisors LLC.   Nor has Amir ever asserted a defense on the basis that the Commission named the wrong entity.  Accordingly, the Commission's motion to amend its complaint to modify the references to Aragon Capital Management to Aragon Capital Advisors, LC should be permitted.

## CONCLUSION

For all the foregoing reasons, the Commission's Motion to Amend should be granted.

Dated: New York, New York
       February 16, 2010

                          Respectfully submitted,


                          SECURITIES AND EXCHANGE COMMISSION

                          By:_____
                             Nancy A. Brown
                             Simona K. Suh
                             Bohdan Ozaruk

                          3 World Financial Center
                          New York, New York 10281
                          (212) 336.1023 (Brown)
                          Attorneys for Plaintiff

9