```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION        :

                        Plaintiff,        :

         - against -                      :

ARAGON CAPITAL MANAGEMENT, LLC,           :
ARAGON PARTNERS, LP, ZVI ROSENTHAL,
OREN ROSENTHAL, NOGA DELSHAD, DAVID        
HEYMAN, HEYMAN & SON INVESTMENT           :     07 Civ. 919 (FM)
PARTNERSHIP LP, YOUNG KIM, and BAHRAM
DELSHAD,                                  :     ECF CASE

                        Defendants,       :

and                                       :

EFRAT ROSENTHAL and RIVKA ROSENTHAL,       :

                        Relief Defendants. :

                                          :

                                          :
------------------------------------------------- x
```

## DECLARATION OF ROBERT KNUTS IN
## OPPOSITION TO THE PLAINTIFF'S DISCOVERY MOTION

I, Robert Knuts, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner with Park & Jensen LLP, counsel for defendant Oren Rosenthal in this action, and a member of the Bar of this Court. I submit this declaration in opposition to the pending discovery motion filed by plaintiff Securities and Exchange Commission ("SEC") insofar as that motion concerns Oren Rosenthal.

2. This Court entered a final judgment against defendant Oren Rosenthal and "relief defendants" Rivka Rosenthal and Efrat Rosenthal on January 29, 2010. On February 12, 2010, Rivka Rosenthal transmitted payment of $242,329.72 to the SEC in full satisfaction of that judgment. On February 25, 2010, I sent counsel for the SEC a form of satisfaction of judgment to be filed with the Court on behalf of Rivka Rosenthal. On March 25, 2010, Efrat Rosenthal finished satisfying the judgment against her by transmitting $212,411.61 to the SEC, which payment included post-judgment interest. As of the date of this Declaration, according to the PACER Docket Report, the SEC has not filed a Satisfaction of Judgment concerning the final judgments entered against either Rivka Rosenthal or Efrat Rosenthal.

3. In late February 2010, shortly before serving interrogatory responses and producing documents in response to discovery requests served by the SEC concerning Oren Rosenthal, I contacted counsel for the SEC. I told counsel for the SEC that, due to the nature of the information requested by the SEC – private financial information, including income tax returns – I believed that it was appropriate for the parties to enter into a "so ordered" stipulation that would protect Oren Rosenthal's privacy interests concerning such information and documents while allowing the SEC to use the information and documents they obtained in response to their post-judgment discovery requests for purposes of judgment collection. Counsel for the SEC requested that I prepare a draft stipulation and I sent such a draft to counsel for the SEC. A copy of that proposed Stipulation and Protective Order is annexed as Exhibit 1. In response, I received a counter-proposal in which counsel for the SEC carved out a "FOIA compliance" exception to the stipulation. As I understood the counter-proposal made by counsel for the SEC, the "FOIA compliance" exception effectively negated the protections contained in the stipulation that I had drafted.

4. It is my understanding that the SEC regularly enters into protective order stipulations and confidentiality agreements that do not contain "FOIA compliance" exceptions. A copy of one such "so ordered" protective order in a similar post-judgment context is attached as Exhibit 2.

5. Shortly after counsel for the SEC effectively rejected my request for a meaningful protective order, counsel for the SEC wrote a letter addressed to my client, Oren Rosenthal, and emailed that letter to me. That letter, dated March 9, 2010, described a possible alternative process by which the SEC would seek to collect the judgment obtained against Oren Rosenthal in this action through certain processes and procedures involving the SEC's Collections Unit in Washington, DC and, possibly, the U.S. Treasury. The March 9th letter stated that Oren Rosenthal should reply to the letter on or before May 8, 2010. The March 9th letter noted that the procedures described in that letter did not prevent the SEC from attempting to collect the judgment by other means permitted by law. The March 9th letter is annexed as Exhibit 3.

6. On April 19, 2010, counsel for the SEC wrote a letter directly to Oren Rosenthal concerning the unpaid balance of the judgment obtained against him. The April 19th letter stated that Oren Rosenthal should respond to that letter by June 18, 2010. The April 19th letter also noted that the procedures described in that letter did not prevent the SEC from attempting to collect the judgment by other means. A copy of the April 19th letter is annexed as Exhibit 4.

7. Both the March 9th letter and the April 19th letter contained the following information on page 2 of these letters, under the heading "Notice Of Rights Prior To TOP":

> "You may agree to a payment plan: If you are unable to pay the amounts in full, you may contact the Collections Unit, Division of Enforcement, at (202) 551-4923, agree to a payment plan acceptable to the Commission, and make payments required in the payment plan."

8.   In response to the April 19th letter, Oren Rosenthal called the Collections Unit of the SEC to attempt to set up a payment plan concerning the balance of the judgment. Rather than contact Oren Rosenthal to discuss such a plan, the Collections Unit sent an email to litigation counsel for the SEC in this action and litigation counsel for the SEC forwarded that email to me. In that email, litigation counsel for the SEC in this action indicated that, despite the directions contained in the March 9th and April 19th letters for Oren Rosenthal to contact the Collections Unit, any such payment plan for the judgment against Oren Rosenthal needed to be negotiated with litigation counsel for the SEC, rather than the Collections Unit in Washington, DC. Given the hostility displayed by litigation counsel for the SEC to the defendants in this action throughout the entire time that I have represented defendants in this action, I believed that any attempted negotiations with litigation counsel for the SEC concerning a payment plan would be futile and I did not respond to the email that I received. A copy of that email, dated June 3, 2010, is annexed as Exhibit 5.

9.   In connection with the appeal filed by Oren Rosenthal from the final judgment entered against him in this action, the Second Circuit held a pre-argument settlement conference on Friday, July 9, 2010. During that telephone conference with Stanley Bass, Staff Counsel for the Second Circuit, and representatives from the SEC's Office of General Counsel, I made a settlement proposal that would result in a withdrawal of the appeal. The SEC representatives stated that they needed time to review the matter internally. On Monday, July 12, 2010, I received confirmation from the SEC's Office of General Counsel that my settlement proposal was rejected completely and no counter-offer was made.

10. Oren Rosenthal is ready, willing and able to supply appropriate information and documents requested by the SEC pursuant to their post-judgment discovery requests. In my view, that information and documents should be governed by an appropriate protective order because the information concerns personal financial information, bank information, and federal tax return documents.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       July 16, 2010

_____
Robert Knuts