UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION       :

                        Plaintiff,       :

                 - against -       :

ARAGON CAPITAL MANAGEMENT, LLC,
ARAGON PARTNERS, LP, ZVI ROSENTHAL,       :
OREN ROSENTHAL, NOGA DELSHAD, DAVID            07 Civ. 919 (FM)
HEYMAN, HEYMAN & SON INVESTMENT       :
PARTNERSHIP LP, YOUNG KIM, and BAHRAM           ECF CASE
DELSHAD,       :

                       Defendants,       :

and       :

EFRAT ROSENTHAL and RIVKA ROSENTHAL,       :

                     Relief Defendants.  :

                                    :
------------------------------------------------- x

**DEFENDANT OREN ROSENTHAL'S
MEMORANDUM OF LAW IN OPPOSITION
TO THE PLAINTIFF'S DISCOVERY MOTION**

PARK & JENSEN LLP
630 Third Avenue
New York, NY 10017
(646) 200-6330

Attorneys for Defendant Oren Rosenthal

Defendant Oren Rosenthal submits this memorandum of law in opposition to the portion of the SEC's pending discovery motion that seeks an order: (a) compelling Oren Rosenthal to produce personal financial information and documents, including bank account information and federal tax returns, without sufficient confidentiality restrictions; and (b) imposing possible Rule 37 sanctions against Oren Rosenthal.

## FACTS

On January 29, 2010, this Court entered a final judgment against Oren Rosenthal in the amount of $242,329.72. That judgment became due and payable on February 12, 2010. As of the date of this memorandum, that judgment has been partially satisfied.

In February 2010, the SEC served post-judgment discovery requests upon Oren Rosenthal. Those requests concern personal financial information and confidential documents such as bank records and federal income tax returns. Prior to serving responses to those requests, counsel for Oren Rosenthal attempted unsuccessfully to negotiate a "so ordered" stipulation and protective order concerning the financial information to be produced in response to the discovery requests. Declaration of Robert Knuts, dated July 16, 2010 ("Knuts Decl."), ¶ 3. Counsel for the SEC refused to agree to a stipulated protective order unless it contained a "FOIA compliance" exception despite the fact that the SEC has not required such a clause in applicable protective orders entered in similar cases. *See e.g.,* Knuts Decl., Exhibit 2. In the absence of a genuine protective order, Oren Rosenthal held off on producing information and documents in response to the SEC's discovery requests.

In March and April 2010, the SEC notified Oren Rosenthal of certain rights that he had concerning the unpaid judgment and specifically stated:

> "You may agree to a payment plan: If you are unable to pay the amounts in full, you may contact the Collections Unit, Division of Enforcement, at (202) 551-4923, agree to a payment plan acceptable to the Commission, and make payments required under the payment plan."

Knuts Decl., Exhibit 3 (p. 2) and Exhibit 4 (p. 2). Oren Rosenthal contacted the Collections Unit to pursue this option but the SEC's Collections Unit, however, merely referred that request back to litigation counsel for the SEC. Knuts Decl., Exhibit 5.

## ARGUMENT

DEFENDANT OREN ROSENTHAL SHOULD BE COMPELLED
TO PRODUCE THE REQUESTED INFORMATION AND DOCUMENTS
ONLY AFTER THE ENTRY OF AN APPROPRIATE PROTECTIVE
ORDER THAT REQUIRES THE SEC TO KEEP CONFIDENTIAL THE
INFORMATION AND DOCUMENTS PRODUCED BY OREN ROSENTHAL

Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to enter orders modifying the method and circumstances under which parties must respond to interrogatories and document requests served under the FRCP. The court may issue a protective order upon a showing of good cause by the moving party that the order is required by justice to protect a party's privacy interests. *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010).

To prevail upon a motion for a protective order, the proponent must "overcome the presumption that discovery materials are open to public inspection." *Matthias v. Jacobs*, 197 F.R.D. 29, 47 (S.D.N.Y. 2000). Courts have recognized, however, that personal bank records and personal financial information that are proper subjects of discovery in a civil action, but also raise privacy interests of a party to the litigation, should be produced pursuant to a protective

2

order. *Conopco, Inc. v. Wein*, 2007 WL 2119507, at *2 (S.D.N.Y. Jul. 23, 2007) (ordering production of personal bank records pursuant to existing confidentiality order); *Brassco, Inc. v. Klip*, 2004 WL 1385816, at *2 (S.D.N.Y. Jun. 21, 2004) (ordering production of personal financial documents and ordering parties to submit a jointly-proposed protective order); *Madanes v. Madanes*, 186 F.R.D. 279, (S.D.N.Y. 1999) (modifying existing confidentiality order to protect confidentiality of private bank records).

Here, the information and documents requested by the SEC in post-judgment discovery notices necessarily involves private financial information, bank records, and federal income tax returns that are exactly the types of information and documents that should not be "open to public inspection." Therefore, the SEC should not be entitled to an order compelling production of such documents in the absence of an appropriate protective order concerning their use and maintenance of such documents.

## CONCLUSION

For the reasons described above and based upon the facts described in the Knuts Declaration, this Court should deny the SEC's discovery motion to the extent it concerns defendant Oren Rosenthal. Instead, the Court should enter a protective order concerning documents produced by Oren Rosenthal in response to the SEC's post-judgment discovery

requests in a form similar to the contents of the draft stipulation annexed as Exhibit 1 to the Knuts Declaration.

Dated: New York, New York
       March 8, 2010

                                  PARK & JENSEN LLP

                            By: _____
                                 Robert Knuts

                            630 Third Avenue, 7th Floor
                            New York, New York 10017
                            Telephone: (646) 200-6330
                            Facsimile: (646) 200-6331

                            *Attorneys for Defendants Noga Rosenthal and Oren Rosenthal and Relief Defendants Rivka Rosenthal and Efrat Rosenthal*

Of counsel:

    Barry H. Junker