APR **0 4** 2012

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED:   4/5/12                 │
└─────────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,      :

Plaintiff,      :

:

-against-      :      **07 Civ. 919 (FM)**

:

ARAGON CAPITAL ADVISORS, LLC, et al.,      :

:      # ORIGINAL

Defendants and Relief Defendants. :

---------------------------------------------------------x

### FINAL JUDGMENT AS TO ALL CLAIMS AGAINST DEFENDANTS ZVI ROSENTHAL, AMIR ROSENTHAL, AYAL ROSENTHAL AND OREN ROSENTHAL, AND RELIEF DEFENDANTS RIVKA ROSENTHAL, EFRAT ROSENTHAL AND NOGA DELSHAD ROSENTHAL

The Securities and Exchange Commission having filed a Complaint, and Defendants Zvi

Rosenthal, Amir Rosenthal, Ayal Rosenthal and Oren Rosenthal (collectively "Defendants"), and

Relief Defendants Rivka Rosenthal, Efrat Rosenthal, and Noga Delshad Rosenthal (collectively

"Relief Defendants"), having entered a general appearance; consented to the Court's jurisdiction

over Defendants and Relief Defendants and the subject matter of this action; and consented to

the entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any

right to appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants Zvi

Rosenthal, Amir Rosenthal and Ayal Rosenthal and their respective agents, servants, employees,

attorneys, and all persons in active concert or participation with them who receive actual notice

of this Judgment by personal service or otherwise are permanently restrained and enjoined from

violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the

"Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R.

§ 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or

of any facility of any national securities exchange, in connection with the purchase or sale of any

security:

     (a)     to employ any device, scheme, or artifice to defraud;

     (b)     to make any untrue statement of a material fact or to omit to state a material fact

             necessary in order to make the statements made, in the light of the circumstances

             under which they were made, not misleading; or

     (c)     to engage in any act, practice, or course of business which operates or would

             operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Zvi

Rosenthal, Amir Rosenthal, and Ayal Rosenthal and each of their respective agents, servants,

employees, attorneys, and all persons in active concert or participation with them who receive

actual notice of this Final Judgment by personal service or otherwise are permanently restrained

and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act")

[15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or

indirectly:

     (a)     to employ any device, scheme, or artifice to defraud;

     (b)     to obtain money or property by means of any untrue statement of a material fact

             or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to

Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Zvi Rosenthal is

prohibited from acting as an officer or director of any issuer that has a class of securities

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file

reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

(a)     Defendants and Relief Defendants are liable for disgorgement, prejudgment

interest, and civil penalties as follows:

(1)     Defendants and Relief Defendants are liable, jointly and severally, for

disgorgement and prejudgment interest of $2,204,884.71, less $1,523,495.99 already paid

by Defendants and Relief Defendants, for an amount of $681,388.72, representing profits

gained and losses avoided as a result of the conduct alleged in the complaint;

(2)     Defendant Zvi Rosenthal is liable for a civil penalty in the amount of

$232,873.28 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1(a)(2)]; and

(3)     Defendant Amir Rosenthal is liable for a civil penalty in the amount of

$157,738 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1(a)(2)];

(b)     Defendants and Relief Defendants shall satisfy the foregoing obligations by *in full*

3

paying $1,072,000.00 within 14 days after entry of this Final Judgment by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission.  The payment shall be delivered or mailed to the Office of Financial Management,

Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and

shall be accompanied by a letter identifying Zvi Rosenthal, Amir Rosenthal, Ayal Rosenthal and

Oren Rosenthal as Defendants in this action and Rivka Rosenthal, Efrat Rosenthal and Noga

Delshad Rosenthal as Relief Defendants in this action; setting forth the title and civil action

number of this action and the name of this Court; and specifying that payment is made pursuant

to this Final Judgment.  Defendants and Relief Defendants shall pay post-judgment interest on

any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds

paid pursuant to this paragraph to the United States Treasury.

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants'

and Relief Defendants' Consents are incorporated in this Final Judgment with the same force and

effect as if fully set forth in this Final Judgment, and that the Defendants shall comply with all of

the undertakings and agreements applicable to them, as set forth in their respective Consents.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _April 4_, _2012_

_____

UNITED STATES MAGISTRATE JUDGE

APR 0 4 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                         :

SECURITIES AND EXCHANGE COMMISSION,    :

           Plaintiff,                   :

           -against-                :        07 Civ. 919 (FM)

                                           :

ARAGON CAPITAL ADVISORS, LLC, et al.,    :

      Defendants and Relief Defendants. :
-------------------------------------------------------------------x

## CONSENT OF DEFENDANTS ZVI ROSENTHAL, AMIR ROSENTHAL, AYAL ROSENTHAL AND OREN ROSENTHAL, AND RELIEF DEFENDANTS RIVKA ROSENTHAL, EFRAT ROSENTHAL AND NOGA DELSHAD ROSENTHAL

    1.    Defendants Zvi Rosenthal, Amir Rosenthal, Ayal Rosenthal and Oren Rosenthal

(collectively "Defendants") and Relief Defendants Rivka Rosenthal, Efrat Rosenthal and Noga

Delshad Rosenthal (collectively "Relief Defendants") acknowledge having been served with the

summons and complaint in this action, enter a general appearance, and consents to the Court's

jurisdiction over Defendants and Relief Defendants and over the subject matter of this action.

    2.    Defendants Zvi Rosenthal, Amir Rosenthal and Ayal Rosenthal have each

pleaded guilty to criminal conduct relating to certain conduct alleged in the First Amended

Complaint in this action.  Specifically, in United States v. Zvi Rosenthal, et al., No. 07 Cr. 069

(JG) (E.D.N.Y.), Zvi Rosenthal and Amir Rosenthal each pleaded guilty to one count of

conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. In United States v. Ayal

Rosenthal, No. 07 Cr. 098 (JG) (E.D.N.Y.), Defendant Ayal Rosenthal pleaded guilty to one

count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. In connection

with those pleas, Defendants Zvi Rosenthal, Amir Rosenthal and Ayal Rosenthal admitted the

1

facts set out in the transcripts of each of their plea allocutions that are attached as Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in either <u>United States v. Zvi Rosenthal, et al.</u> and <u>United States v. Ayal Rosenthal</u>.

        3.      On the basis of the guilty pleas entered by Defendants Zvi Rosenthal, Amir Rosenthal and Ayal Rosenthal recited above, on January 29, 2010, the Court entered a Judgment on the Commission's motion for Partial Summary Judgment against Defendants Zvi Rosenthal, Amir Rosenthal, Oren Rosenthal and Ayal Rosenthal, and Relief Defendants Rivka Rosenthal and Efrat Rosenthal, resolving certain allegations in the First Amended Complaint as specified in the Court's Memorandum Decision and Order of November 24, 2009, <u>SEC v. Aragon Capital Mgmt. LLC</u>, 672 F. Supp. 2d 421 (S.D.N.Y. 2009), <u>aff'd in part</u>, 426 F. App'x 1 (2d Cir. 2011) and <u>rev'd in part</u>, 650 F.3d 156 (2d Cir. 2011) (the "Partial Summary Judgment Decision"), permanently enjoining Defendants Zvi Rosenthal and Amir Rosenthal from further violations of the anti-fraud provisions of the Securities Exchange Act of 1934 and the Securities Act of 1933, permanently enjoining Defendant Zvi Rosenthal from acting as an officer or director of any public company, and awarding the Commission certain monetary relief in disgorgement, prejudgment interest and penalties.

        4.      Without admitting or denying the allegations of the Second Amended Complaint (except as to personal and subject matter jurisdiction, which Defendants and Relief Defendants admit), which alleges conduct not resolved in the Partial Summary Judgment Decision, Defendants and Relief Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

2

(a)   permanently restrains and enjoins Defendants Zvi Rosenthal, Amir
      Rosenthal and Ayal Rosenthal from violation of Section 10(b) of the
      Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §
      78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];
      and Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15
      U.S.C. § 77q(a)];

(b)   pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)],
      prohibits Defendant Zvi Rosenthal from acting as an officer or director of
      any issuer that has a class of securities registered pursuant to Section 12 of
      the Exchange Act[15 U.S.C. § 78l] or that is required to file reports
      pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

(c)   orders Defendants and Relief Defendants to pay disgorgement and
      prejudgment interest thereon in the amount of $2,204,884.71, less
      $1,523,495.99 already paid by Defendants and Relief Defendants, for an
      amount of $681,388.72;

(d)   orders Defendant Zvi Rosenthal to pay a civil penalty in the amount of
      $232,873.28 pursuant to Section 21A of the Exchange Act [15 U.S.C. §
      78u-1(a)(2)]; and

(e)   orders Defendant Amir Rosenthal to pay a civil penalty in the amount of
      $157,738 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-
      1(a)(2)].

5.      Defendants Zvi Rosenthal and Amir Rosenthal each agrees that he shall not seek
or accept, directly or indirectly, reimbursement or indemnification from any source, including

but not limited to payment made pursuant to any insurance policy, with regard to any civil

penalty amounts that Defendants Zvi Rosenthal and Amir Rosenthal pay pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors. Defendants Zvi Rosenthal and

Amir Rosenthal each further agrees that he shall not claim, assert, or apply for a tax deduction or

tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant

Zvi Rosenthal or Amir Rosenthal pays pursuant to the Final Judgment, regardless of whether

such penalty amounts or any part thereof are added to a distribution fund or otherwise used for

the benefit of investors.

6.     Defendants and Relief Defendants waive the entry of findings of fact and

conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.     Defendants and Relief Defendants waive the right, if any, to a jury trial and to

appeal from the entry of the Final Judgment.

8.     Defendants and Relief Defendants enter into this Consent voluntarily and each of

them represents that no threats, offers, promises, or inducements of any kind have been made by

the Commission or any member, officer, employee, agent, or representative of the Commission

to induce any Defendant or Relief Defendant to enter into this Consent.

9.     Defendants and Relief Defendants agree that this Consent shall be incorporated

into the Final Judgment with the same force and effect as if fully set forth therein.

10.     Defendants and Relief Defendants will not oppose the enforcement of the Final

Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules

of Civil Procedure, and each of them hereby waives any objection based thereon.

4

11.     Defendants and Relief Defendants waive service of the Final Judgment and each of them agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants and Relief Defendants of its terms and conditions. Defendants and Relief Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that each of them has received and read a copy of the Final Judgment.

12.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants and Relief Defendants in this civil proceeding. Defendants and Relief Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants and Relief Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants and Relief Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants Zvi Rosenthal, Amir Rosenthal and Ayal Rosenthal each

5

understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13.      Defendants and Relief Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5.  In compliance with this policy, Defendants Zvi Rosenthal, Amir Rosenthal and Ayal Rosenthal acknowledge their respective guilty pleas for related criminal conduct described in paragraph 2 above and Defendants and Relief Defendants agree: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendants and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Second Amended Complaint.  If Defendants or Relief Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants' and Relief Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.      Defendants and Relief Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants and Relief Defendants to defend against this action.  For these purposes, Defendants and Relief Defendants each agrees that none

6

of them is the prevailing party in this action since the parties have reached a good faith settlement.

15.     Defendants and Relief Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16.     Defendants and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 3/20/2012 _____            ___Z. Rosenthal_____
                                        Zvi Rosenthal

    On the 20th Day of March, 2012, Zvi Rosenthal, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                        _____
                                        Notary Public
                                        Commission expires: _____

                                        AGNES KOLBEN
                                        NOTARY PUBLIC
                                        STATE OF NEW JERSEY
                                        MY COMMISSION EXPIRES JUNE 18, 2013

Dated:_____            _____
                                        Amir Rosenthal

    On _____, 2012, _____ _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                        _____
                                        Notary Public
                                        Commission expires:

of them is the prevailing party in this action since the parties have reached a good faith

settlement.

        15.      Defendants and Relief Defendants agree that the Commission may present the

Final Judgment to the Court for signature and entry without further notice.

        16.      Defendants and Relief Defendants agree that this Court shall retain jurisdiction

over this matter for the purpose of enforcing the terms of the Final Judgment.


Dated:____ _____ _____          _____ _____

                                            Zvi Rosenthal


        On __ _____, 2012, _____ _____ ___, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                    _____

                                    Notary Public
                                    Commission expires:


Dated: _3/21/12_____             _____

                                    Amir Rosenthal

        On _21st_____, 2012, _Amir Rosenthal_ a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

                                    Notary Public
                                    Commission expires:

                                        SHEILA MA
                                      NOTARY
                                    NO. 01MA60578
                                    QUALIFIED IN
                                    QUEENS
                                    COUNTY
                                    4-23-2015
                                    PUBLIC
                                  OF NEW Y

                                      3/21/2012

State of Israel
Municipality of Tel Aviv-Yafo
Embassy of the
United States of America

Dated: _3/26/2012_                              _Ayal Rosenthal_
                                                      Ayal Rosenthal

On _March 26th_, 2012, _Ayal Rosenthal_, a person ~~known to me,~~ *produced US passport as identification*
personally appeared before me and acknowledged executing the foregoing Consent.

Embassy of the United States of America   *Julia Forrest*   **Julia Forrest**
Consular Section - ACS/PPT                Notary Public      **Consular Associate**
71 Hayarkon Street                        Commission expires:
Tel Aviv, Israel 63903                                       **INDEFINITE**

Dated:_____              _____
                                                      Oren Rosenthal

On _____, 2012, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

                                          _____
                                          Notary Public
                                          Commission expires:

Approved as to form:

_____
Robert N. Knuts
Park & Jensen LLP
630 Third Avenue
New York, NY  10017
Attorney for Defendant Oren Rosenthal

8

Dated:_____          _____
                                              Ayal Rosenthal

      On _____, 2012, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                 _____
                                 Notary Public
                                 Commission expires:



Dated:___3/20/12___              _____
                                              Oren Rosenthal

      On _March 20_, 2012, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

                                 *See attached certificate of*
                                 *acknowledgment*
                                 _____
                                 Notary Public
                                 Commission expires:


Approved as to form:


_____
Robert N. Knuts
Park & Jensen LLP
630 Third Avenue
New York, NY 10017
Attorney for Defendant Oren Rosenthal


8

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of *Los Angeles*

On *March 20, 2012* before me, *Leslie C. Toledo*
<br>(here insert name and title of the officer)

personally appeared *Oren Rosenthal*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Leslie C. Toledo*
<br>Signature of Notary Public

> LESLIE C. TOLEDO
> Commission # 1859421
> Notary Public - California
> Los Angeles County
> My Comm. Expires Aug 26, 2013

(Seal)

## ADDITIONAL OPTIONAL INFORMATION

### INSTRUCTIONS FOR COMPLETING THIS FORM

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they~ is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

### DESCRIPTION OF THE ATTACHED DOCUMENT

*Consent of Defendants, etc.*
<br>(Title or description of attached document)

*Securities and Exchange Commission v. Aragon Capital Advisors, LLC, et al (07 Civ. 919 (FM))*
<br>(Title or description of attached document continued)

Number of Pages *10*   Document Date *3/20/12*

*notarization done on page #8 of this document*
<br>(Additional information)

### CAPACITY CLAIMED BY THE SIGNER

- ☐ Individual (s)
- ☐ Corporate Officer

  _____
  <br>(Title)

- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

Dated: _3/20/12_          _R. Rosenthal_
                          Rivka Rosenthal

On _the 20th Day of March_, 2012, _Rivka Rosenthal_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

                          _Agn Kolben_
Notary Public
Commission expires:

Approved as to form:

_RNKnuts_
Robert N. Knuts
Park & Jensen LLP
630 Third Avenue
New York, NY  10017
Attorney for Relief Defendant Rivka Rosenthal

> **AGNES KOLBEN**
> **NOTARY PUBLIC**
> **STATE OF NEW JERSEY**
> **MY COMMISSION EXPIRES JUNE 19, 2013**

Dated:_____          _____
                          Efrat Rosenthal

On _____, 2012, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

                          _____
Notary Public
Commission expires:

Approved as to form:

_____
Robert N. Knuts
Park & Jensen LLP
630 Third Avenue
New York, NY  10017
Attorney for Relief Defendant Efrat Rosenthal

9

Dated: _____        _____
                                    Rivka Rosenthal

     On _____, 2012, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                               _____
                               Notary Public
                               Commission expires:

Approved as to form:


_____
Robert N. Knuts
Park & Jensen LLP
630 Third Avenue
New York, NY  10017
Attorney for Relief Defendant Rivka Rosenthal


Dated: **23.03.2012**        _____
                               Efrat Rosenthal

     On March 23, 2012, Efrat Rosenthal, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.



                               _____
                               Notary Public
                               Commission expires:

Approved as to form:

_____
Robert N. Knuts
Park & Jensen LLP
630 Third Avenue
New York, NY  10017
Attorney for Relief Defendant Efrat Rosenthal

9

Dated: 3/22/12

_____
Noga Delshad Rosenthal

On _March 22nd_, 2012, _Noga N Rosenthal_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 01-16-2015

> JANE JIN
> Notary Public, State of New York
> Qualified in Queens County
> Reg. No. 01JI6156512
> My Commission Expires 01-16-2015

Approved as to form:

_____
Robert N. Knuts
Park & Jensen LLP
630 Third Avenue
New York, NY  10017
Attorney for Relief Defendant Noga Delshad Rosenthal

10

# EXHIBIT A

Plea Allocution Excerpts

1

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2

 3       - - - - - - - - - - -      X

 4    UNITED STATES OF AMERICA,     :    07 CR 069

 5                                  :

 6

         -against-                  :
 7                                       United States Courthouse
                                         Brooklyn, New York
 8    ZVI ROSENTHAL, et al.,        :

 9                                       February 8, 2007
             Defendants.            :    11:00 o'clock a.m.
10
         - - - - - - - - - - -      X
11

12
                        TRANSCRIPT OF PLEADING
13                BEFORE THE HONORABLE JOHN GLEESON
                      UNITED STATES DISTRICT JUDGE
14

15
      APPEARANCES:
16

17
      For the Government:           ROSLYNN R. MAUSKOPF
18                                  United States Attorney
                                    BY: PAUL WEINSTEIN
19                                       SEAN CASEY
                                    Assistant United States Attorneys
20                                  One Pierrepont Plaza
                                    Brooklyn, New York
21

22    For the Defendants:          PETER J. DRISCOLL, ESQ.
                                    Attorney for Zvi Rosenthal
23

24                                  PAUL SCHECHTMAN, ESQ.
                                    GLEN KOPP, ESQ.
25                                  Attorneys for Amir Rosenthal
```

GR     OCR     CM     CRR     CSR

Page 1

Plea Allocution Excerpts

2

```
 1                              GERALD LEFCOURT, ESQ.
                                RENATO STABILE, ESQ.
 2                              Attorneys for David Heyman

 3
                                NINA M. BEATTIE, ESQ.
 4                              RACHEL DOFT, ESQ.
                                Attorneys for Ayal Rosenthal
 5

 6   Court Reporter:           Gene Rudolph
                               225 Cadman Plaza East
 7                             Brooklyn, New York
                               (718) 613-2538
 8

 9   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
10

11

12

13           THE CLERK:  United States versus Rosenthal, et al.

14           Counsel, please state your appearances.

15           MR. CASEY:  Sean Casey and Paul Weinstein for the

16   United States.

17           Good morning, Your Honor.

18           MR. DRISCOLL:  Peter Driscoll for Zvi Rosenthal.

19           Good morning.

20           THE COURT:  Good morning.

21           MR. SCHECHTMAN:  Paul Schechtman.  With me is Glen

22   Kopp, for Amir Rosenthal.

23           THE COURT:  Nice to see you.

24           MR. LEFCOURT:  Gerald Lefcourt.  With me is Renato

25   Stabile for David Heyman.
```

GR      OCR      CM      CRR      CSR

3

Plea Allocution Excerpts

1              THE COURT:  Nice to see you.

2              MS. BEATTIE:  Nina Beattie.  With me is Rachel Doft.

3              THE COURT:  Good morning to both of you.

4              Your name is Nina Beattie?

5              MS. BEATTIE:  Yes.

6              THE COURT:  Is that the correct pronunciation?

7              MS. BEATTIE:  Or Beattie.

8              THE COURT:  Beattie.  Okay.

9              I have changed my mind.  Let's do one at a time.  It

10    seems very crowded.

11             MR. SCHECHTMAN:  If we do, I think it might be

12    easiest if we go first.

13             THE COURT:  Fine with me.

14             MR. CASEY:  Fine with the government.

15             THE COURT:  Let's have -- you've Amir, correct?

16             MR. SCHECHTMAN:  Correct, Your Honor.

17             THE COURT:  Let's have Amir Rosenthal and his

18    counsel here with the prosecutors.  If everyone else could

19    just take a seat at the table.  That's a sensible way to

20    proceed.

21             I read what you sent to me.  I can't recall whether

22    it is one or more of the defendants had his case assigned to

23    me not at random but related, is that correct?

24             MR. WEINSTEIN:  Yes.

25             The first case was 069, with the three defendants.


GR      OCR      CM      CRR      CSR


Page 3

Plea Allocution Excerpts
Amir Rosenthal pleading                                        5

1    want that as well.

2            THE COURT:  Hang on to that for one second, please,

3    Mr. Schechtman.

4            Okay.  Would you place Mr. Amir Rosenthal under

5    oath, please, Ilene?

6            THE CLERK:  Yes, Your Honor.

7            Please raise your right hand.

8            (The defendant duly sworn/affirmed by clerk.)

9            THE CLERK:  Please state your name and spell it for

10   the record.

11           THE DEFENDANT:  Amir Rosenthal, A M I R,

12   R O S E N T H A L.

13           THE COURT:  How old are you?

14           THE DEFENDANT:  I just turned twenty-nine.

15           THE COURT:  How far have you gone in school?

16           THE DEFENDANT:  Graduated school.

17           THE COURT:  With what degree?

18           THE DEFENDANT:  JD.

19           THE COURT:  Have you been able to communicate

20   effectively with your attorney?

21           THE DEFENDANT:  Yes, Your Honor.


                    Amir Rosenthal pleading                   21


1            THE COURT:  Has anybody promised you what your

2    sentence will be?

3            THE DEFENDANT:  No, sir.

4            THE COURT:  Tell me, briefly, why you are guilty.

5            MR. SCHECHTMAN:  Judge, if it is acceptable to the

6    Court, we have written out a statement that I believe does it

                              Page 4

Plea Allocution Excerpts

7   clearly.

8           THE COURT:  Sure.

9           THE DEFENDANT:  Judge Gleeson, the short of it is

10  that I traded in Taro securities on material, non-public

11  information that I received from my father, who was an

12  employee at Taro.  I know my father was breaching his

13  fiduciary duty to Taro in giving me the information; that he

14  intended for me to profit on the information; and that I was

15  acting in violation of the securities law when I executed

16  options trades and profited on that information.  Thus, for

17  example, in May 2001, I traded on inside information about the

18  FDA approval of Taro's CB Cream application.  The approval was

19  not yet publicly announced when my father told me about it and

20  I traded.  And in July 2004, I traded on inside information

21  about Taro's sales shortfall in the second quarter.  The

22  shortfall was not yet publicly announced when my father told

23  me about it, and I traded.  I also tipped others, including

24  David Heyman, about what I improperly knew, and he, in turn,

25  provided me with non-public information that he had learned


                GR      OCR      CM      CRR      CSR


                Amir Rosenthal pleading                     22


1   from his job at Ernst and Young.

2           I know what I did was wrong and deeply regret my

3   actions.

4           THE COURT:  All right.  Anything further?

5           MR. CASEY:  Nothing further.

6           THE COURT:  What is the identity of this large

7   New York law firm in the paragraph four?

Plea Allocution Excerpts

8      THE DEFENDANT:  Thacher Proffit and Wood.

9      THE COURT:  Okay.  I find that Mr. Amir Rosenthal is

10   acting knowingly and voluntarily, he understands the rights he

11   is waiving by pleading guilty, the consequences he faces if he

12   pleads guilty.  I find there is a factual basis for his plea

13   so I accept the plea.

14      What's our date for sentence?

15      THE CLERK:  May 18th, at 2:00 pm.

16      THE COURT:  Okay.  Is that date and time sufficient

17   for each side?  For both sides?

18      MR. CASEY:  Yes, Your Honor.

19      MR. SCHECHTMAN:  Yes, Your Honor.

20      Judge, can we return briefly to bail?

21      THE COURT:  It looks from what is before me that


Zvi Rosenthal pleading                              26


1      THE COURT:  All right.  Come on up, sir.

2      Okay.  Good morning again, Mr. Driscoll.

3      MR. DRISCOLL:  Good morning, Your Honor.

4      THE COURT:  Is there a signed plea agreement?

5      MR. WEINSTEIN:  Yes, there is.

6      THE COURT:  Mark that as number two, please.

7      THE CLERK:  Yes, Your Honor.

8      THE COURT:  Please swear the defendant.

9      THE CLERK:  Please raise your right hand.

10      (The defendant duly sworn/affirmed by clerk.)

11      THE CLERK:  Please state and spell your full name.

12      THE DEFENDANT:  Zvi Rosenthal, Z V I,

13   R O S E N T H A L.

14      THE COURT:  How old are you, sir?

15      THE DEFENDANT:  Sixty-two.

Page 6

Plea Allocution Excerpts

16          THE COURT:  How far did you go in school?

17          THE DEFENDANT:  An MBA.

18          THE COURT:  Have you been able to communicate

19   effectively with Mr. Driscoll?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Are you satisfied so far with the

22   representations he's given to you?

23          THE DEFENDANT:  Yes, sir.

Zvi Rosenthal pleading                    42

1          THE COURT:  Is this package deal in which other

2   people's ability to plead guilty may in their view be

3   conditioned on your entering a plea of guilty as well, any of

4   your codefendants pressuring you to plead guilty?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  Any promises made to you other than

7   those in the written plea agreement to get you to plead

8   guilty?

9          THE DEFENDANT:  No, sir.

10          THE COURT:  Tell me, briefly, why you are guilty.

11          Do you need a break?

12          MR. DRISCOLL:  Are you okay?

13          He'll be all right.

14          THE DEFENDANT:  Can I read it?

15          MR. DRISCOLL:  Yes.

16          THE COURT:  Yes.

17          THE DEFENDANT:  Your Honor, I was vice president

18   of --

19          THE COURT:  Excuse me.

20          Do you have a copy of that?

21          MR. DRISCOLL:  Yes.
                    Page 7

Plea Allocution Excerpts

22      I am going to surrender the one copy to Mr. Rudolph

23  when we are done.  I apologize.

24          THE COURT:  Go ahead.  Read slowly.  Everybody reads

25  fast once they start reading.  Read slowly.


GR      OCR      CM      CRR      CSR


Zvi Rosenthal pleading                    43


1          THE DEFENDANT:  I was Vice President of Materials

2  Management and Logistics for Taro Pharmaceuticals.  Between

3  2001 and 2005, I disclosed material, non-public information

4  concerning Taro to Amir Rosenthal, my son, knowing that with

5  this information he may trade in Taro securities.

6          THE COURT:  Okay.  Is there anything further?

7          MR. DRISCOLL:  Your Honor, we also acknowledge Overt

8  Act A.  I believe Mr. Weinstein is correct, that we should do

9  that in terms of the conspiracy.  We confirm that particular

10  act.

11          THE DEFENDANT:  Yes, that's 2004.

12          THE COURT:  Okay.  You provided your son Amir with

13  material, non-public information about the sales results of

14  Taro in the second quarter of 2004, is that correct?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Okay.

17          MR. DRISCOLL:  Thank you.

18          THE COURT:  Anything further?

19          MR. DRISCOLL:  No.

20          MR. WEINSTEIN:  No, Your Honor.

21          THE COURT:  I find that Mr. Rosenthal is acting

22  knowingly and voluntarily.  He understands his rights and he

Page 8

Plea Allocution Excerpts

23  understands the consequences that could flow from pleading

24  guilty.  I find there is a factual basis for his plea of

25  guilty.  So I accept the plea.

GR      OCR      CM      CRR      CSR


Ayal Rosenthal pleading                          65


1           THE COURT:  Okay.  Welcome back.

2           Ms. Beattie, I understand your client wants to waive

3  indictment and plead guilty?  Correct?

4           MS. BEATTIE:  That is correct, Your Honor.

5           THE COURT:  All right.  Ilene, would you please

6  swear the defendant?

7           THE CLERK:  Yes, Your Honor.

8           Please raise your right hand.

9           (The defendant duly sworn/affirmed by clerk.)

10          THE CLERK:  Please state and spell your full name.

11          THE DEFENDANT:  Ayal Ross, A Y A L,

12  R O S E N T H A L.

13          THE COURT:  How old are you?

14          THE DEFENDANT:  Twenty-six.

15          THE COURT:  How far did you go in school?

16          THE DEFENDANT:  I just finished my MBA.

17          THE COURT:  Have you been able to communicate

18  effectively with your lawyers?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Are you satisfied so far with the

21  representation they have provided to you?

22          THE DEFENDANT:  Yes.
                      Page 9

Plea Allocution Excerpts

Ayal Rosenthal pleading                    83

1          THE COURT:  How do you plead to this charge, sir,
2  guilty or not guilty?
3          THE DEFENDANT:  Guilty.
4          THE COURT:  Is anybody pressuring you to get you to
5  plead guilty?
6          THE DEFENDANT:  No, Your Honor.
7          THE COURT:  Are you making this plea voluntarily and
8  of your own free will after consulting with your lawyer about
9  your options.
10          THE DEFENDANT:  Yes, Your Honor.
11          THE COURT:  Apart from the promises made to you in
12  writing in this agreement, and these other understandings that
13  have been expressed here today, are there any promises or
14  representations that I don't know about that have been made to
15  you to plead guilty?
16          THE DEFENDANT:  No, Your Honor.
17          THE COURT:  Has anybody promised you what your
18  sentence will be?
19          THE DEFENDANT:  No, Your Honor.
20          THE COURT:  Tell me briefly why you are guilty.
21          THE DEFENDANT:  Your Honor, do you mind if I read?
22          THE COURT:  I don't.
23          THE DEFENDANT:  Your Honor --
24          THE COURT:  Just read slowly.
25          THE DEFENDANT:  Your Honor, in or about May 2005, in

GR        OCR       CM        CRR       CSR

Page 10

Plea Allocution Excerpts
Ayal Rosenthal pleading                          84

1   a discussion about my work, I agreed to tell my brother Amir

2   Rosenthal the names of two companies that were involved in a

3   confidential acquisition that I was working on.  I knew that

4   my brother Amir was an active trader of securities.  I

5   consciously turned a blind eye to what would have otherwise

6   been obvious to me; that my brother was going to trade, in

7   violation of United States securities laws on information that

8   I provided to him.

9           I accept responsibility for my actions and am very

10  sorry for what I did.

11          THE COURT:  Okay.  Is that sufficient in the

12  government's view?

13          MR. WEINSTEIN:  Yes, Your Honor.

14          THE COURT:  Can you join a conspiracy, can you

15  consciously avoid --

16          MS. BEATTIE:  You can, Your Honor.  There is a

17  Second Circuit case on point.  If you --

18          THE COURT:  Sboboda?

19          MS. BEATTIE:  Yes, Your Honor.

20          THE COURT:  This is a great book.

21          MS. BEATTIE:  That was quick.  I am impressed.

Page 11